IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| KEITH CHANER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:22-cv-01140-JDB-jay |
| | ) | Re:  1:10-cr-10020-JDB-1 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

ORDER DIRECTING CLERK TO SEND FORM
AND
DIRECTING PETITIONER TO FILE AMENDED PETITION
AND NOTIFY CLERK OF RESIDENTIAL ADDRESS

The Petitioner, Keith Chaner, has filed a pro se habeas corpus petition (the "Petition") pursuant to 28 U.S.C. § 2241.  (Docket Entry ("D.E.") 1.)  The Petition is before the Court for preliminary review.  *See* 28 U.S.C. § 2243; *Harper v. Thoms,* No. 02–5520, 2002 WL 31388736, at *1 (6th Cir. Oct. 22, 2002).  For the following reasons, Chaner is ORDERED to file an amended petition and notify the Clerk of his residential address.

In 2011, the undersigned sentenced Petitioner to 168 months' incarceration and four years of supervised release after he pleaded guilty to one count of conspiracy to manufacture methamphetamine in violation of 21 U.S.C. § 841.  (*United States v. Chaner*, 1:10-cr-10020-JDB-1 (W.D. Tenn.), D.E. 58.)  The inmate was released from prison on December 30, 2021, and immediately began serving his term of supervised release.  He filed the Petition on June 30, 2022, seeking an order directing Respondent, the United States of America, to apply credits under 18 U.S.C. § 3632(d)(4) to shorten the length of his term of supervised release.

A federal criminal defendant's challenge to the application of sentencing credits is cognizable under 28 U.S.C. § 2241.  *See United States v. Dowell*, 16 F. App'x 415, 420 (6th Cir.

2001) ("[A] prisoner may seek judicial review of the computation of [his] credit[s] under 28 U.S.C. § 2241[.]"). "[T]he proper respondent to a habeas petition is 'the person who has custody over [the petitioner.]'" *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004) (quoting 28 U.S.C. § 2242) (citing 28 U.S.C. § 2243). The custodian of an individual who is on federal supervised release is typically the chief probation officer in the office of United States Probation Services for the district in which the petitioner resides. *See* 18 U.S.C. § 3624(e) ("A prisoner whose sentence includes a term of supervised release after imprisonment shall be released . . . to the supervision of a probation officer[.]"); 18 U.S.C. § 3602(c) ("If the court appoints more than one probation officer, one may be designated by the court as chief probation officer and shall direct the work of all probation officers serving in the judicial district."). The proper respondent in a § 2241 proceeding brought by a petitioner on federal supervised release is therefore the chief probation officer overseeing his supervised release. *See United States v. Dohrmann*, 36 F. App'x. 879, 881 (9th Cir. 2002) (relevant custodian for purposes of § 2241 for petitioner on supervised release is the petitioner's "supervised release administrator"); *Plaskett v. Cruz*, Civil No. 2017-67, 2018 WL 9810844, at *1 n.1 (D.V.I. Nov. 6, 2018) ("[B]ecause [petitioner] is currently on supervised release in St. Croix, United States Virgin Islands, the only proper respondent is his current custodian, the Chief Probation officer in the United States Probation Office for the Virgin Islands."), *report and recommendation adopted*, Civil No. 2017-67, 2019 WL 4750221 (D.V.I. Sept. 30, 2019).

      Chaner was on supervised release at the time he filed the Petition, and he remains so currently. His custodian is therefore the chief probation officer from the United States Probation Services office overseeing his supervised release. The officer is likely located in the district in which Petitioner resides. The docket in the present matter shows that Chaner has reported his address as a UPS mailbox in Montgomery, Alabama, which is in the Middle District of Alabama.

*See* 28 U.S.C. § 81.  He has thus not provided the Clerk with the address of an actual place of residence and he does not indicate if his custodian is located in the Middle District of Alabama or elsewhere.

Because the record does not clearly establish Petitioner's supervised release administrator, Chaner is ORDERED to file an amended petition on the Court's § 2241 form naming his custodian as Respondent and indicating the district in which his custodian is located.  Petitioner is further ORDERED to provide the Clerk with his own residential address.  The amended petition and the notification of address are due no later than twenty-eight days from entry of this order.  Failure to comply with this order will result in dismissal of the Petition and this action without further notice. *See* Fed. R. Civ. P. 41(b).

The Clerk is DIRECTED to send Petitioner a § 2241 form.

IT IS SO ORDERED this 15th day of September 2022.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE
